# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 07-753V
Filed: June 18, 2014

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JERIME MCHERRON and REBECCA MCHERRON, as parents and natural guardians of J.M., a minor, | |
| Petitioners, | **UNPUBLISHED** |
| v. | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Petitioners' Dismissal Motion; Insufficient Proof of Causation; Vaccine Act Entitlement; Dtap Vaccine; Acute Encephalopathy and Seizure Disorder |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Anne Carrion Toale, Maglio Christopher & Toale, PA, Sarasota, FL, for Petitioners.
Linda Sara Renzi, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On October 29, 2007, Jerime and Rebecca McHerron, as parents and natural guardians of J.M., a minor, ("petitioners") filed a petition pursuant to the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioners alleged that, as a result of receiving a Diphtheria-Tetanus-Acellular-Pertussis ("Dtap") vaccination on November 1, 2004, J.M. suffered an acute encephalopathy and seizure disorder.

On May 27, 2014, petitioners filed a motion for a decision dismissing their petition. In their motion, petitioners state that "[a]n investigation of the facts and science supporting their case, as well as an evolution of the case law, has demonstrated … that they will be unable to

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

1

prove that they are entitled to compensation in the Vaccine Program." Petitioners state that it would be unreasonable to proceed further and that they understand a decision dismissing their petition will result in a judgment against them and will end all of their rights in the Vaccine Program. Petitioners also state their intent to protect their rights to file a civil action. Respondent did not file a response to petitioners' motion.

To receive compensation under the Vaccine Act, petitioners must prove either 1) that J.M. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the child's vaccinations or 2) that J.M. suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). The undersigned finds that petitioners have not provided preponderant evidence that J.M. suffered a "Table Injury." While petitioners initially offered a medical expert's opinion on causation, subsequent genetic testing revealed J.M. has the SCN1A gene variant linked to severe seizures. The record does not contain a medical expert's opinion connecting the injuries and vaccination in light of the SCN1A gene mutation.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims. The petition must be supported by either medical records or the opinion of a competent physician. § 300aa-13(a)(1). Here, because the medical records alone are insufficient to establish entitlement to compensation, a medical opinion connecting the injuries and vaccinations must be offered in support. However, petitioners have provided no such opinion.

The only alternative remaining is to DENY this petition. **Thus, this case is dismissed for insufficient proof. In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

       **IT IS SO ORDERED.**

       /s/ Nora Beth Dorsey
       Nora Beth Dorsey
       Special Master